IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CR-286-1H
No. 5:18-CV-247-H

ANTONIO RODRIGUEZ CROSS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

**ORDER**

This matter is before the court on petitioner's motion to vacate, pursuant to 28 U.S.C. § 2255, filed on May 21, 2018. [DE #44]. On July 30, 2018, petitioner's motion was returned to him as it was unsigned. [DE #45]. By order filed May 27, 2020, the court ordered petitioner to file a signed copy of his motion to vacate within 45 days and warned him that failure to comply would result in dismissal of his motion. Petitioner filed a signed copy on June 30, 2020 [DE #47]. The government has responded by filing a motion to dismiss, and petitioner has filed a response to the government's motion. This matter is ripe for adjudication.

## BACKGROUND

On April 10, 2017, petitioner plead guilty pursuant to a written plea agreement to conspiracy to distributing a quantity of

cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(c)(Count One) and distributing and possessing with intent to distribute twenty eight grams or more of cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count Five). In the plea agreement, the parties stipulated that the readily provable quantity of controlled substances attributable to defendant results in a base offense level of 30. As part of the written plea agreement, petitioner agreed "to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255" excepting claims of ineffective assistance of counsel or prosecutorial misconduct not known to him at the time of his plea. [DE #34 ¶ 2(c).]

At sentencing on July 11, 2017, petitioner's total offense level was found to be 27 and his guideline range 130-162 months. But for the stipulation in the plea agreement, his base offense level would have been two points higher. This court sentenced petitioner to a term of 130 months, the bottom of the guideline range. Petitioner did not appeal. Petitioner filed his motion to vacate on May 21, 2018, alleging two claims of ineffective assistance of counsel.[1]

---

[1] The government argues petitioner's motion is untimely based on his filing of his signed motion in 2020; however, the court finds his original filing was made on May 21, 2018, and is therefore timely.

2

**COURT'S DISCUSSION**

## I. Ineffective Assistance of Counsel ("IAC")

To prove ineffective assistance of counsel, petitioner must satisfy the dual requirements of Strickland v. Washington, 466 U.S. 668, 687 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. The Strickland court reasoned "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. Second, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Claim One

Petitioner contends his counsel was ineffective for (1) allowing him to enter into a plea agreement that contained an appeal waiver and (2) and by failing to challenge the drug weight attributed to petitioner. Both these arguments are without merit.

3

In the plea agreement, petitioner stipulated to the offense level associated with the drug weight. This stipulation benefitted petitioner at sentencing, as the PSR found a higher drug weight than the stipulation. Therefore, petitioner has not alleged his counsel was ineffective as to the drug weight objection.

Further, petitioner has not plausibly alleged that his counsel was ineffective for allowing him to enter a plea agreement with a waiver. First, as noted above, the plea agreement benefitted petitioner in the drug weight calculation and resulted in dismissal of several charges against him. Further, a criminal defendant may waive his right to collaterally attack his conviction and sentence "so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Sworn testimony offered by a criminal defendant in open court affirming his consent to entry into a plea agreement containing a plea waiver "[carries] a strong presumption of verity." See Id. (relying upon United States v. White, 366 F.3d 291, 295 (4th Cir. 2004). At arraignment, the magistrate judge found that petitioner's plea was knowingly and voluntarily entered. Petitioner fails to plausibly allege that counsel's performance was deficient or that petitioner was prejudiced.

Therefore, petitioner's claims fail and the government's motion to dismiss is GRANTED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [D.E. #55] is GRANTED, and petitioner's § 2255 motion [D.E. ## 44, 47] is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676,683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of petitioner's 28 U.S.C. § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This 22nd day of February 2021.

_____
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
#26